USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 7/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUKHDEV SINGH AULAKH,

Petitioner,

-against-

PARAMJIT KAUR,

Respondent.

25 Civ. 5774 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Petitioner, Sukhdev Singh Aulakh, applies for an order under 28 U.S.C. § 1782 to obtain discovery for use in a civil proceeding filed in Dera Bassi, India. *See* Pet. at 1–2, ECF No. 2. Petitioner seeks permission to serve subpoenas on Respondent, Paramjit Kaur, for documents and deposition testimony relevant to the India action. Pet. at 2. For the following reasons, the petition is GRANTED.

**DISCUSSION**

I. Legal Standard

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations and alterations omitted). Courts routinely grant such petitions *ex parte*. *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

In determining whether to grant a § 1782(a) petition, the Court may also consider "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in

which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004) (internal quotation marks omitted)).

II. Analysis

A. *Ex Parte* Proceeding

Respondent has not appeared in this action, and Petitioner moves for the entry of a default judgment against her. *See* ECF No. 14. Because district courts routinely grant § 1782 petitions e*x parte*, *see Gushlak*, 486 F. App'x at 217, the Court considers the petition *ex parte* and denies the motion for a default judgment as moot.

B. The Petition

Petitioner has met all three statutory requirements. *See* 28 U.S.C. § 1782(a). First, Petitioner states that Respondent, a family member, lives in this District. *See* Pet. at 2. Second, Petitioner intends to use the discovery in ongoing litigation in Dera Bassi, India, concerning a real property dispute. *See id.* at 2–3; Ex. B, ECF No. 2-2 (Dera Bassi litigation documents). Under the text of § 1782(a), a foreign proceeding includes "a proceeding in a foreign or international tribunal." *See also Mees*, 793 F.3d at 299 ("[A]n applicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase her chances of success."). Third, Petitioner, as a party to the foreign proceeding, is plainly an "interested party" under § 1782. *See* Pet. at 2, 8.

Each of the discretionary *Intel* factors also weighs in favor of granting the petition. First, Respondent is not a participant in the Indian proceeding. *See* Pet. at 8. Second, the proceeding in

India concerns whether Respondent is the owner of the real property, *id.* at 2, and there is no "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782," *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995). Third, there is no evidence that Petitioner is attempting to circumvent proof-gathering restrictions imposed by Indian law or is otherwise seeking the discovery in bad faith. Finally, the proposed subpoena appears narrowly tailored to receive deposition testimony from Respondent as to her ownership of the real property at issue in the Indian litigation. *See* Pet. at 2, 9; *see also* ECF No. 21 (proposed subpoena). The subpoena does not appear to be unduly intrusive or burdensome because Respondent's testimony is relevant to the Dera Bassi litigation.

**CONCLUSION**

For the reasons stated above, the petition is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 14 and to close the case.

SO ORDERED.

Dated: July 30, 2026
New York, New York

ANALISA TORRES
United States District Judge